Liu v. Holder

BIA
Zagzoug, IJ
A200 743 269

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand thirteen.

PRESENT:
ROBERT D. SACK,
BARRINGTON D. PARKER,
DENNY CHIN,
*Circuit Judges.*

_____

ZENG GUANG LIU,
*Petitioner,*

v.                                        12-3991

                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Charles Christophe, Christophe Law Group, P.C., New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant Attorney General; Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zeng Guang Liu, a native and citizen of China, seeks review of a September 12, 2012, decision of the BIA affirming a May 20, 2011, decision of Immigration Judge ("IJ") Randa Zagzoug, denying Liu's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zeng Guang Liu,* No. A200 743 269 (B.I.A. Sept. 12, 2012), *aff'g* No. A200 743 269 (Immig. Ct. N.Y. City May 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decision, including the portions of the IJ's decision not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an

asylum applicant's demeanor, the plausibility of his account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007). Analyzed under these standards, the agency's adverse credibility determination is supported by substantial evidence.

In finding Liu not to be credible, the IJ reasonably relied on the discrepancy between the identification number on his Resident Identity card and the identification number on his household registry, as well as the handwritten change to the household registry's identification number. The agency reasonably declined to credit Liu's explanations for these differences. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Because he did not raise the argument in the agency proceedings, we will not consider his new explanation for the discrepancy – that the numbers were "zeroed out" for security purposes. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

Liu has not contested the other basis for the IJ's adverse credibility determination – the IJ's finding that his testimony and evidence did not convincingly demonstrate that he actually practiced Falun Gong – and this finding,

3

therefore, provides further support for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Having found Liu not credible, the agency reasonably noted that his failure to provide corroborative evidence further undermined his credibility. An applicant's failure to corroborate his testimony may bear on credibility, either because the absence of particular corroborating evidence is thought to be suspicious, or because the overall absence of corroboration makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Here, Liu failed to provide any documentary support for his testimony that he sought medical treatment for a work-related injury and, contrary to his contention, he was questioned about the lack of corroboration during the merits hearing. Moreover, his failure to corroborate was especially relevant given his testimony that his workplace injury, and the ineffectiveness of medical treatment, led him to begin practicing Falun Gong. Accordingly, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

4

Having reasonably found that Liu failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, inasmuch as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5